Donald B. Bowerman, Esq. (OSB #590110)
Alec J. Laidlaw, Esq. (OSB #055154)
P.O. Box 100
Oregon City, OR 97045
Email: Don@BDLandL.com
Email: Alec@BDLandL.com
Tel:  (503) 650-0700 / Fax: (503) 650-0053
Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN
OF THE NORTHWEST, dba KAISER PERMANENTE

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| PAMELA F. MONETTE, | ) |
| | ) Case No. |
| Plaintiff, | ) **NOTICE OF REMOVAL OF ACTION** |
| | ) **UNDER 28 U.S.C. § 1441(b)** |
| vs. | ) **(FEDERAL QUESTION)** |
| LEGACY EMANUEL HOSPITAL & | ) |
| HEALTH CENTER, doing business as | ) |
| LEGACY EMANUEL MEDICAL | ) |
| CENTER; OREGON ANESTHESIOLOGY | ) Complaint filed: March 18, 2015 |
| GROUP, PC; PACIFIC SURGICAL, PC; | ) |
| RADIOLOGY CONSULTANTS, INC.; | ) |
| PACIFIC NEUROSURGICAL, P.C.; | ) |
| JEFFERSON CHEN M.D.; MATTHEW A. | ) |
| SOLOMON, D.O.; K. DEAN GUBLER, | ) |
| D.O.; JAMES GILMORE, M.D.; MELISSA | ) |
| RADECKI, M.D.; RONALD BARBOSA, | ) |
| M.D.; JOSEPH WILLIAMS, M.D.; | ) |
| WILLIAM LONG, M.D.; KAISER | ) |
| FOUNDATION HEALTH PLAN OF THE | ) |
| NORTHWEST, doing business as KAISER | ) |
| PERMANENTE, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT**

**OF OREGON:  NOTICE OF REMOVAL**

1.    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446,

Defendant, KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, improperly

named as doing business as KAISER PERMANENTE (hereinafter, "Defendant Kaiser") hereby

1

removes this action from Circuit Court of the State of Oregon for the County of Multnomah (Case No. 15CV00583) to the United States District Court for the District of Oregon.  In support of this Notice of Removal, Defendant states as follows:

2.    On March 18, 2015, a civil action was commenced in the Circuit Court of Oregon, County of Multnomah, (1021 S.W. 4th Avenue, Portland, Oregon 97204) by Plaintiff PAMELA F. MONETTE, (hereinafter, "Plaintiff").  That case is presently docketed in the Multnomah County Circuit Court as Case Number 15CV00583.  A complete copy of the Court file, including the Complaint for Damages, is attached hereto as Exhibit A.

3.    Defendant Kaiser was served on or about March 31, 2015.  This Notice of Removal is timely filed since it is being filed within 30 days of the date of service as required by 28 U.S.C. § 1446(b).  No further proceedings are pending at this time.  A true and correct copy of the Proof of Service of Summons and Complaint is attached hereto as Exhibit B.

4.    Neither Defendant Kaiser nor any of the other defendants has filed an Answer at this time.

5.    Venue is proper with the United States District Court of Oregon under 29 U.S.C. § 1132(e)(2) in that this action is presently pending in the State of Oregon, County of Multnomah, which is within the venue of the United States District Court for the District of Oregon.

6.    There are two independent and alternative grounds for removal as set forth below: (1) federal question removal under 28 U.S.C. § 1441(a) and (b) based on Medicare complete preemption where the gist of the complaint is the payment of benefits under a Medicare plan, and (2) where the claims are "inextricably intertwined" with a claim for Medicare benefits.

## I.    GENERAL AVERMENTS IN SUPPORT OF REMOVAL

7.    Defendant Kaiser is an Oregon corporation and provider of health insurance, and the provider of Plaintiff's health insurance, and is duly formed and authorized to do business in the state of Oregon.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

8.      Plaintiff, a Medicare enrollee, alleges that Defendant Kaiser denied payment under her health plan coverage.  (Amended Complaint, ¶¶ 37-38.)  Any duty owed by Plaintiff's health plan necessarily involves the federal preemption provisions of the Title XVIII of the Social Security Act ("the Medicare Act).   Whether Plaintiff was enrolled in a traditional Medicare plan or under a Medicare Advantage Plan ("MA"), her claims are ultimately subject to federal preemption under the Medicare Prescription Drug, Improvement and Modernization Act of 2003 ("MMA").   It was Congress's intent to cast a wide net of preemption, encompassing virtually all claims against a Medicare plan, including claims concerning coverage determinations, benefits, inclusion or treatment of providers, utilization review, appeals, grievance procedures, and all other aspects of the administration of the plan.  To the extent Plaintiff's claim hinges on standards established under her Medicare plan, the Medicare regulations establish federal preemption under the Medicare Act which covers state law claims. 42 U.S.C., § 1395w-26(b)(3); 42 C.F.R §422.402.

9.      A state law is preempted where it regulates conduct in a field that Congress intended the federal government to occupy exclusively. *English v. Gen. Elec. Co.,* 496 U.S. 72, 79, 110 S. Ct. 2270, 2275, 110 L. Ed. 2d 65 (U.S. 1990).  Preemption is fundamentally a question of the intent of Congress, which has the authority to define the extent to which federal statutes preempt state law. *Id.*  Congress has made its intent known through explicit statutory language regarding Medicare preemption.

10.      Congress's express intent that "any State law or regulation (except those relating to licensing and solvency) … shall be superceded" is clear.  42 U.S.C., § 1395w-26(b)(3).  The Medicare preemption provision states that federal standards would supersede state law and regulations with respect to Medicare Advantage plans to the extent that such law or regulation are "inconsistent" with such standards.  Thus, any Medicare program, which provides medical benefits to seniors through managed care, operates under federal rules.

11.      The Courts also recognize the broad preemptive scope of the Medicare Act. The Supreme Court has identified two circumstances in which a claim "arises under" the Medicare Act: (1) where the "standing and the substantive basis for the presentation of the claims" is the

3

1   Medicare Act, and (2) where the claims are "inextricably intertwined" with a claim for Medicare

2   benefits." *Do Sung Uhm v. Humana, Inc.,* 620 F.3d 1134, 1141 (9th Cir. 2010)(citing *Heckler v.*

3   *Ringer*, 466 U.S. 602, 614-615, 104 S. Ct. 2013, 2021, 80 L. Ed. 2d 622 (1984).   Even where a

4   cause of action appears to be a "cleverly concealed claim for benefits," the Ninth Circuit has

5   confirmed that such state law claims "arise under" the Medicare Act.   *Kaiser v. Blue Cross of*

6   *California*, 347 F.3d 1107, 1112 (9th Cir. 2003).   The claim against Defendant Kaiser in this

7   matter is a direct claim for benefits under a Medicare plan.   As such, the Medicare Act, and

8   therefore federal law, completely preempt these claims and removal to federal court under

9   federal question jurisdiction is appropriate.

10  **II.     REMOVAL UNDER 28 U.S.C. § 1441(a) AND (b) - MEDICARE PREEMPTION**

11           12.     Plaintiff's state court Complaint alleges claims for reimbursement for medical

12  services provided to a Kaiser member enrolled in Kaiser's Medicare Advantage Plan.

13           13.     The Medicare Act, 42 U.S.C. § 1395, et seq., establishes a federally funded health

14  insurance program that is administered by the federal Centers for Medicare and Medicaid

15  Services ("CMS") (formerly known as the Health Care Financing Administration) of the United

16  States Department of Health and Human Services.   The claim is completely preempted by Part C

17  of the Medicare Act, 42 U.S.C. § 1395w21 et seq., in accordance with the preemption provisions

18  of 42 C.F.R. § 422.402 (2005) and 42 U.S.C. § 1395w-26(b)(3), as amended and expanded by

19  the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Public Law 108-

20  173 (2003), and is properly removed.

21           14.     A clear framework exists for determining whether a claim arises under Medicare

22  for purposes of the exclusive review provisions of the Medicare Act.   The two part test

23  established in *Heckler v. Ringer,* 466 U.S. 602, 614-615 (1984), is as follows:   A claim arises

24  under Medicare if (1) both the standing and the substantive basis for the presentation of the claim

25  is the Medicare Act, or (2) the claim is inextricably intertwined with a claim for Medicare

26  benefits.

27           15.     Removal is appropriate under the complete preemption doctrine where a federal

28  statute expressly preempts state law standards and provides exclusive federal remedies.   *See, e.g.,*

*Beneficial National Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058 (2003). The Medicare Act and its regulations (1) expressly preempt Plaintiff's claims relating to Medicare members in all causes of action and (2) provide exclusive federal remedies.  Plaintiff's claims with respect to a Medicare member is expressly preempted by the provisions of 42 C.F.R. § 422.402 and 42 U.S.C. § 1395w-26(b)(3).

16.     The Medicare Act also provides an exclusive federal remedy for claims pertaining to the improper denial or other administration of plan benefits as set forth in 42 U.S.C. § 405(g) and (h), 42 U.S.C. § 1395ff, 42 U.S.C. § 1395ii, 42 U.S.C. § 1395w-22(f) & (g), and 42 C.F.R. § 422.560 et al. (2005).   This mandatory administrative process applies to claims brought by Plaintiff as assignee of a plan participant.  42 C.F.R. § 422.113 (2005); 65 Fed. Reg. 40203 (2000) ("a dispute over whether the conditions for Medicare coverage for post-stabilization services under § 422.100 and § 422.113 have been met could be resolved in an enrollee's appeal ... or in an appeal by a provider").  Pursuant to 42 U.S.C. § 1395w-22(g)(5) and 42 U.S.C. § 1395ff, incorporating 42 U.S.C. § 405(g), the federal courts have exclusive jurisdiction for review of claims once this mandatory administrative process has been exhausted.

17.     Removal is appropriate under the "complete preemption" doctrine where a federal statute: (1) expressly preempts state law standards; and (2) provides exclusive federal remedies. *See, e.g., Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1,8,156 L. Ed. 2d 1,8-9, 123 S. Ct. 2058, 2063 (2003).  Because the Medicare Act expressly preempts and provides the exclusive remedy for Plaintiff's claims with respect to a Kaiser member enrolled in a Medicare Advantage Plan, the State Court Action is removable under the complete preemption doctrine. *See, Dial v. Healthspring of Ala., Inc.,* 501 F. Supp. 2d 1348 (S.D. Ala. 2007) (state law causes of action completely preempted by Medicare Act and properly removable).

**III.    PROCEDURAL AVERMENTS**

18.     As required by section 28 U.S.C. § 1446, Plaintiff will be given notice of the filing of this Notice of Removal, and a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Oregon for the County of Multnomah.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

1        19.    Defendant files this Notice of Removal without waiving and specifically reserving

2   all objections and defenses which it may have under Rule 12(b) of the Federal Rules of Civil

3   Procedure and any other rules applicable to this motion.

4        WHEREFORE, Defendant prays that the above action now pending against it in the

5   Circuit Court of Oregon, County of Multnomah be removed therefrom to this United States

6   District Court for the District of Oregon.

7

8   Dated:  April 29, 2015

9

10                                                    By _____
                                                        Donald B. Bowerman, Esq. (OSB #590110)

11                                                      Email: Don@BDLandL.com
                                                        Alec J. Laidlaw, Esq. (OSB #055154)

12                                                      Email: Alec@BDLandL.com
                                                        Tel:  (503) 650-0700 / Fax: (503) 650-0053

13                                                      *Attorneys for Defendant*
                                                        KAISER FOUNDATION HEALTH PLAN OF

14                                                      THE NORTHWEST, doing business as KAISER
                                                        PERMANENTE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2015, I electronically filed the foregoing NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1141(b) (FEDERAL A QUESTION) with the Clerk of the Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorneys:

*Of Attorneys for Plaintiff*
Robert S. Perkins (OSB #840814)
Attorney At Law
4949 Meadows Road, Suite 400
Lake Oswego, OR 97035-2491
Email: rperkins@draneaslaw.com
Tel: (503) 222-4449 / Fax: (503) 496-5510

*Of Attorneys for Defendant Kaiser Foundation Health Plan of the Northwest*
Donald B. Bowerman, Esq. (OSB #590110)
Bowerman David Laidlaw & Laidlaw, LLC
1001 Molalla Ave, Suite 208
Oregon City, OR 97045
Email: Don@BDLandL.com
Tel:  (503) 650-0700 / Fax: (503) 650-0053

*Of Attorneys for Defendant Legacy Emanuel Hospital & Health Center*
Scott G O'Donnell (OSB #933849)
Keating Jones Hughes PC
1 SW Columbia St Ste 800
Portland, OR 97258
Email: sodonnell@keatingjones.com
Tel: (503) 222-9955 / Fax: (503) 796-0699

*Of Attorneys for Defendant Melissa Radecki, MD*
Karen O'Kasey (OSB #870696)
Hart Wagner LLP
1000 SW Broadway Ste 2000
Portland, OR 97205
Email: kok@hartwagner.com
Tel: (503) 222-4499 / (503) 222-2301

*Of Attorneys for Defendant Pacific Neurosurgical, PC and Jefferson Chen, MD*
Nikola Lyn Jones (OSB #941013)
Lindsay Hart LLP
1300 SW 5th Ave Ste 3400
Portland, OR 97201
Email: njones@lindsayhart.com
Tel: (503) 226-7677 / Fax: (503) 226-7697

*Of Attorneys for Defendant Oregon Anesthesiology Group, PC and Matthew A. Solomon, DO*
David S Mepham (OSB #930028)
Hodgkinson Street Mepham LLC
1620 SW Taylor Ste 350
Portland, OR 97205
Email: dsm@hs-legal.com
Tel: (503) 222-1143 / Fax: (503) 222-1296

*Of Attorneys for Defendant Pacific Surgical, PC, L. Dean Gubler, DO, Ronald Barbosa, MD, and William Long, MD*
Dennis W Percell (OSB #752974)
Arnold Gallagher PC
800 Willamette St Ste 800
Eugene, OR 97440
Email: dpercell@arnoldgallagher.com
Tel: (541) 484-0188 / Fax: (541) 484-0536

*Of Attorneys for Defendant Radiology Consultants, Inc. and James Gilmore, MD*
Larry A Brisbee (OSB #670111)
Brisbee & Stockton LLC
139 NE Lincoln St
Hillsboro, OR 97123
Email: lab@brisbeeandstockton.com
Tel: (503) 648-6677 / Fax: (503) 648-1091

/s/ _____
Sarah Fine, Paralegal

7

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)